IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRIAN DANIELS,** <br> **#K91046,** <br><br> Plaintiff, <br><br> vs. <br><br> **TYSON BROWN,** <br> **JOHN BALDWIN, and** <br> **FRANK LAWRENCE,** <br><br> Defendants. | Case No. 19−cv−1341−NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Darrian Daniels, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Daniels claims that he is receiving contaminated food and at times denied food altogether. He seeks monetary damages and injunctive relief. Along with the Complaint, Daniels filed a motion for a preliminary injunction or protective order. (Doc. 2). Because Daniels did not provide enough facts for the Court to conclude that he would suffer irreparable harm absent injunctive relief, the motion was denied without prejudice. (Doc. 4). Daniels has now filed a second motion for a preliminary injunction or a protective order (Doc. 7).

Before addressing Daniels's request for emergency injunctive relief, the Court must review the Complaint under 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**PRELIMINARY MATTERS**

Daniels has filed two documents titled "Notice to the Court" (Docs. 5 and 6). In the first Notice, Daniels asks for the status of his Complaint. This request will be denied as moot in light of this Order.

In the second Notice, he states that he mailed the $400.00 filing fee payment to the Court when he filed the Complaint, but did not receive a payment authorization form to prove that the money was taken from his account (Doc. 6, p. 1). The Court has not, however, receive his payment. Regardless, because he seeks immediate emergency injunctive relief, the Court will take up the case now. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012). Daniels must still meet his obligations with regard to the filing fee. To be clear, he must either pay the $400.00 filing fee or submit a motion for leave to proceed *in forma pauperis* ("IFP motion") in this action, together with his inmate trust fund account statement for the six-month period prior to the filing date of this case, no later than **January 23, 2020**. If Daniels fails to either pay or submit his IFP motion, this action shall be subject to dismissal for failure to comply with an order of the Court. *See* FED. R. CIV. P. 41(b).

Additionally, Daniels claims that he has not received certain notifications of electronic filings ("NEFs") or documents filed in this case (Doc. 6, p. 1). The Clerk of Court will be ordered to mail Daniels a copy of the docket sheet and a motion to proceed *in forma pauperis* form. If Daniels requires copies of any documents, he must submit a request to the Clerk of Court in writing by referring to the case number and document number and submitting the required payment of $0.50 per page.

**THE COMPLAINT**

In the Complaint, Daniels alleges the following: Since September 5, 2019, in retaliation for filing a previous lawsuit, Correctional Officer Brown has been serving him food trays with feces, dirt, and other substances, and at times refusing to bring him food at all. (Doc. 1, p. 3). He wrote an emergency grievance to the warden at Menard, Frank Lawrence, and letters to the director of IDOC, John Baldwin, but did not receive a response (*Id.* at p. 5).

**DISCUSSION**

Based on the allegations of the Complaint, the Court finds it convenient to designate the claims in this case into the following two Counts:

**Count 1:** Eighth Amendment claim of cruel and unusual punishment against Brown, Baldwin, and Lawrence for serving Daniels contaminated food and denying him food.

**Count 2:** First Amendment claim against Brown for retaliating against Daniels for filing a lawsuit by serving him contaminated food and denying him food.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

**Count 1**

Daniels has alleged sufficient facts for Count 1 to proceed against Brown, Baldwin, and Lawrence for denying him food and serving him contaminated food. *See Smith v. Dart,* 803 F. 3d 304, 312 (7th Cir. 2015) ("The Constitution mandates that prison official provide inmates with 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it.'") (quoting *French v. Owens,* 777 F. 2d 1250, 1255 (7th Cir. 1985)); *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015) ("turning a blind eye" to alleged constitutional violation).

**Count 2**

At this stage, the Court finds that the Complaint states a viable claim of retaliation against

---

[1] *See Twombly*, 550 U.S. at 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). This includes claims against "several other unknown prison guards." Although Daniels makes claims against other "prison guards" in the Complaint, they are not listed in the case caption. The Court will not treat parties not listed in the caption as defendants, and any claims against them are considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

Brown in Count 2. *Pearson v. Welborn*, 471 F.3d 732, 738 (7th Cir. 2006). *See also Antoine v. Ramos,* 497 F. App'x 631, 634 (7th Cir. 2012).

**PRELIMINARY INJUNCTION OR PROTECTIVE ORDER**

As previously noted, Daniels has filed a Motion for a Preliminary Injunction or Protective Order, which the Court will construe as a request for a Temporary Restraining Order ("TRO"). Daniels asks the Court to transfer him out of Menard, for medical treatment regarding his hearing loss, and that Defendants no longer have contact with him. (Doc. 7, p. 6).

There are significant differences between a TRO and a preliminary injunction. A TRO can be issued without notice to the party to be enjoined that may last no more than fourteen days. *See* FED. R. CIV. P. 65(b)(2). Further, a TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan,* 511 U.S. 825, 845 (1994).

In contrast to a TRO, a preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion. FED. R. CIV. P. 65(a)(1). For a preliminary injunction, a plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *Planned Parenthood v. Comm'r of Ind. State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

In addition to allegations regarding the denial of meals, Daniels asks for emergency injunctive relief for being refused medical attention by nurses at Menard regarding his hearing loss. (Doc. 7, p. 4). Because this request is outside the scope of the Complaint, the request for relief for treatment of his hearing loss is denied without prejudice. *See Daniels v. Dumsdorff,* No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (citations omitted). If Daniels wishes to pursue the unrelated claim regarding his medical treatment against nurses at Menard, he must do so by filing a separate case

4

under 42 U.S.C. § 1983.

The Court also deems it necessary to deny Daniels's request for a TRO. It would not be appropriate, given the information presented, to enter an order for an immediate transfer to a different correctional center, without providing notice to Defendants and giving them an opportunity to respond. Accordingly, the TRO is **DENIED** without prejudice at this time. Because Daniels claims, however, that he is still receiving contaminated food and being denied meals, (Doc. 7, p. 3), the Court finds that his request for preliminary injunctive relief warrants prompt consideration. Accordingly, the Court will resolve the request as soon as practicable. **A hearing on the request for a preliminary injunction regarding the receipt of contaminated food and the denial of meals and an order directing Defendants to respond to the motion will be addressed in a separate court order**.

## DISPOSITION

**IT IS ORDERED** that the Complaint survives screening pursuant to Section 1915A. **Count 1** will proceed against **Brown, Baldwin,** and **Lawrence,** and **Count 2** shall proceed against **Brown**.

**IT IS ORDERED** that the request for a temporary restraining order is **DENIED without prejudice**, but the request for a preliminary injunction regarding the receipt of contaminated food and denial of meals is **DEFERRED**. Daniels's request for emergency injunctive relief for medical treatment is **DENIED without prejudice**.

The Clerk of Court is **DIRECTED** to mail Daniels a copy of the docket sheet and a motion to proceed *in forma pauperis* form. (Doc. 6). Daniels request for status is **DENIED as moot**. (Doc. 5).

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **Brown, Baldwin,** and **Lawrence**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, Motion for Preliminary Injunction or Protective Order (Doc. 7), and this Memorandum and Order to each defendant's place of employment as identified by Daniels. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date

the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Daniels, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Daniels, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, whether or not an *in forma pauperis* application is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Daniels is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: December 27, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## **Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.