IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIAN DANIELS, #K91046,<br><br>        Plaintiff,<br><br>v.<br><br>TYSON BROWN, JOHN BALDWIN, and FRANK LAWRENCE,<br><br>        Defendants. | Case No. 19-cv-01341-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Darrian Daniels, an inmate of the Illinois Department of Corrections ("IDOC"), commenced this action by filing a Complaint pursuant to 42 U.S.C. § 1983 for the deprivation of his constitutional rights. (Doc. 1). Along with the Complaint, Daniels filed a Motion for Preliminary Injunction and/or Protective Order, which the Court denied for failure to show irreparable harm. (Docs. 2, 4).

Daniels filed a second Motion for Preliminary Injunction or Protective Order on December 23, 2019, asking to be transferred from Menard Correctional Center ("Menard"), that he received medical attention, and that Defendants be prohibited from having contact with him. (Doc. 7). The Court conducted a preliminary review of the Complaint, under 28 U.S.C. § 1915A, and issued a Merit Review Order setting forth the following claims: that Defendants have subjected Daniels to cruel and unusual punishment by serving him contaminated food and denying him food (Count 1); and that Defendant Brown has retaliated against him for filing a lawsuit by serving him

contaminated food and denying him food (Count 2). (Doc. 8, p. 3). In the Merit Review Order, the Court also denied the requests for emergency injunctive relief regarding medical treatment, as outside the scope of the Complaint, and the request for a temporary restraining order. (Doc. 8, pp. 4-5). Defendants were directed to respond to Daniels's request for a preliminary injunction regarding the receipt of contaminated food and the denial of meals. (*Id.* at p. 5). Defendants filed a response on January 29, 2020. (Doc. 27). The Court held a hearing on the Motion on February 5, 2020.

## BACKGROUND

The Complaint and the Motion for Preliminary Injunction allege that in retaliation for filing a previous lawsuit, Correctional Officer Brown and other guards have been serving Daniels food trays with feces, dirt and other substances, and at times refusing to bring him food at all.[1] (Doc. 1, pp. 3, 8; Doc. 7, pp. 2, 3). Correctional Officer Brown also orders inmates in the cellhouse to help in serving him contaminated meals. (Doc. 7, p. 3). Daniels claims that Brown told him that Brown was giving him contaminated food because Daniels won a lawsuit. (Doc. 1, pp. 3-4). Daniels sent an emergency grievance and several letters to Warden Lawrence and also sent letters to IDOC Director Baldwin, but his requests for help were ignored, and he continues to be served contaminated food trays. (*Id.*, at pp. 2, 5). Daniels claims he is very sick and underweight because he is being denied food and only eats when other inmates share their food with him. (*Id.* at pp. 4, 8).

In their response, (Doc. 27), Defendants claim that Brown has been the gallery

---

[1] The date of when the alleged constitutional violations occurred is unclear, as Daniels states in the Complaint that Brown first served him contaminated food on September 5, 2019 (Doc. 1, p. 3), and in the Motion for Preliminary Injunction, he claims that the alleged conduct has been ongoing since August 2018. (Doc. 7, p. 3).

officer for gallery 6 in North 2, a segregation gallery at Menard, for the last six months, and has no knowledge of any previous lawsuits filed by Daniels. (Doc. 27-1, p. 1). As gallery officer, Brown does not touch the dietary food trays at any point prior to, or during meal distribution. (Doc. 27, p. 4). All dietary trays are prepared by dietary staff on plastic trays and covered with a lid. (*Id.*). The trays are distributed to inmates in gallery 6 of North 2 by "cell house worker"[2] and Brown. (*Id.*). Brown opens the chuck hole of each cell door, and the cell house worker hands the tray to the inmate. (*Id.*).

Defendants state that, although Daniels claims he is sick and underweight, there are no medical records, grievances, counseling records, or kites to the warden dating back to September 2019 that indicate that Daniels food was being contaminated or that he was experiencing any sickness. (*Id.*). The grievances that are attached to the Complaint contain only Daniels's signature and have no "received date stamp" from the grievance office or an assigned grievance number. (Doc. 27, p. 5; *see* Doc. 1, pp. 19-22).

Defendants argue that because: (1) Brown does not know about any previous lawsuits filed by Daniels; (2) Brown does not prepare or directly distribute the food trays to the inmates in his gallery; and (3) there are no records supporting the allegations that Daniels's meals are being contaminated and that he has experienced sickness and weight loss, Daniels has not demonstrated a likelihood of success on the merits for his claims of retaliation or cruel and unusual punishment. (Doc. 27, p. 6). For these same reasons, Daniels has also not established that he will suffer irreparable harm without a preliminary injunction. (*Id.*, at p. 7).

---

[2] "Cell house workers" are inmates in a cell house assigned to assist with different tasks." (Doc. 27, p. 4).

Defendants further argue that since the alleged retaliation, Daniels has filed and actively participates in other lawsuits against employees of IDOC and has not shown that the retaliation has deterred him from engaging in his First Amendment rights. (Doc. 27, p. 5).[3]

## ANALYSIS

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, Federal Practice and Procedure §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating:

- a reasonable likelihood of success on the merits;
- no adequate remedy at law; and
- irreparable harm absent the injunction.

*Planned Parenthood v. Comm'r of Ind. State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once a plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable

---

[3] Specifically, Defendants cite to *Daniels v. Jaburek*, 19-cv-02672 (N.D. Ill., filed Apr. 19, 2019), and *Daniels v. Lawrence,* 20-00096 (S.D. Ill., filed Jan. 23, 2020).

balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

## DISCUSSION

At the hearing, Daniels testified that he is no longer housed in gallery 6 in North 2. As of January 30, 2020, Daniels was moved to gallery 2, North 2, and since that time his food has not been contaminated and he is receiving meals. Daniels further stated that while Brown has access to gallery 2, Brown remains the gallery officer for gallery 6. In light of this testimony, the Court finds that at this time there is no threat of immediate and irreparable injury regarding Daniels's claims of the denial and contamination of meals that would warrant injunctive relief. *See Wright v. Miller*, 561 F. App'x 551, 554 (7th Cir. 2014). Therefore, he has not met the high burden that is necessary to obtain a preliminary injunction, and his request will be denied.

The Court further notes that at the hearing and in a document titled "Notice to the Court," filed on February 5, 2020, Daniels alleged additional claims of excessive force by Brown, falsified reports by internal affairs officers, and unconstitutional conditions of confinement. (Doc. 30). The Court advised Daniels that the hearing was regarding the claims made in his preliminary injunction motion for the denial and contamination of

meals. Additionally, Daniels has previously been informed that the Court does not accept piecemeal amendments and additions to the Complaint. (Doc. 21). If Daniels wishes to seek relief for unrelated claims, he must file a complete amended complaint that asserts all claims against all defendants or file a separate case under 42 U.S.C § 1983. The Court states no opinion on the merits of any such claims. Accordingly, the Notice to the Court at Doc. 30 will be stricken from the record.

## CONCLUSION

For these reasons, Daniels's motion for preliminary injunction (Doc. 7) is **DENIED**. The Clerk of Court is **DIRECTED** to **STRIKE** the Notice to the Court at Doc. 30.

**IT IS SO ORDERED.**

DATED: February 6, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**