IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRIAN DANIELS,
#K91046,

        Plaintiff,

v.

TYSON BROWN,
JOHN BALDWIN, and
FRANK LAWRENCE,

        Defendants.

Case No. 19-cv-01341-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Darrian Daniels, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), filed this action alleging deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Daniels claims that Defendants Brown, Baldwin, and Lawrence have subjected him to cruel and unusual punishment by serving him contaminated food and denying him food (Count 1) and that Defendant Brown served him the contaminated food and denied him meals in retaliation for filing a lawsuit (Count 2). Along with the Complaint, Daniels filed a Motion for Preliminary Injunction and/or Protective Order, which the Court denied for failure to show irreparable harm. (Doc. 4). Daniels then filed a second Motion for Preliminary Injunction (Doc. 7). Following a hearing, the Court denied the motion. (Doc. 31). Daniels testified at the hearing that he had been moved to gallery 2, North 2, and since that time his food had not been contaminated and he was receiving meals. Thus, the Court determined he had not demonstrated threat of immediate and irreparable injury.

Now before the Court is Daniels's third Motion for Emergency Preliminary Injunction and/or Protective Order. (Doc. 37). In the motion, Daniels alleges that Defendant Brown started working in 2 gallery, North 2 in March 2020. He states that Brown and another correctional officer, Liefer, have been contaminating his food with feces and dirt. Daniels also asserts that Brown and Liefer turned off his toilet on April 9, 2020. He states that he is not eating and is very sick and under weight. He asks that Defendants be prohibited from having any contact with him, for a transfer from Menard, and to receive medical attention. After the motion was filed, the Court denied the request for injunctive relief regarding medical attention, as outside the scope of the Complaint. (Doc. 38). The Court also determined that it would not be appropriate to enter an order for an immediate transfer to a different correctional center without providing notice to Defendants and giving them an opportunity to respond, and thus, denied any request for a temporary restraining order. Defendants were ordered to file a response to the request for a preliminary injunction regarding Daniels's claims of receiving contaminated meals by Defendant Brown. Defendants filed a response on May 22, 2020. (Doc. 42).

The Court finds that Daniels is not entitled to a preliminary injunction at this time. In order to demonstrate entitlement to preliminary relief, Daniels must establish that irreparable harm will result if injunctive relief does not issue. *See Valencia v. City of Springfield, Ill.*, 883 F.3d 959, 966 (7th Cir. 2018). Defendants state, and Daniels does not refute, that as of May 7, 2020, Brown has been reassigned to the armory and no longer works in Daniels's current cell house. (Doc. 42, p. 4). Furthermore, Daniels has not made any claims that he has had any recent contact with Defendants Baldwin, the former director of IDOC, or Lawrence, the former warden of Menard or that they have been involved in contaminating his food. Because

Daniels has failed to set forth any evidence establishing that he will suffer irreparable harm at the hands of Defendants if an injunction is not issued, he has failed to meet his burden necessary to demonstrate that a preliminary injunction is warranted.

Finally, the Court must address Daniels's claims against Correctional Officer Liefer. In the motion, Daniels asserts new allegations that occurred after the Complaint was filed against Correctional Officer Liefer, who is not currently named as a defendant in this matter. The main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). It is not meant to be used as a vehicle to air new allegations, name additional defendants, and claim injunction. Furthermore, "[a]n injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court." *Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)). Therefore, to the extent Daniels seeks relief from Correctional Officer Liefer, who is not a party to this action, the motion is improper.

Therefore, for the reasons provided above, the Motion for Emergency Preliminary Injunction and/or Protective Order (Doc. 37) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

**DATED:   September 23, 2020**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**